GREENUP COUNTY COURT, ET AL. *v.* W. H. CLIFTON.

[Abstract Kentucky Law Reporter, Vol. 5—241.]

**Election of Common School Commissioner.**

When the county court meets to elect a commissioner of common schools and elects one and he offers to execute bond, but the time is postponed until the next week, and the court then meets and, without any notice to the commissioner elect, proceeds to elect another in his place, the court's action is void and it can not reconsider such election, and the person first elected on qualifying is entitled to the office.

**County Judge May Be Mandated.**

Where one has been duly elected by the county court as common-school commissioner and the county judge declines to permit him to qualify the judge may be mandated to do so, for the act to be performed by him, is a purely ministerial act.

APPEAL FROM GREENUP CIRCUIT COURT.

September 13, 1883.

OPINION BY JUDGE PRYOR:

This is a controversy between the county court of Greenup and Norris on the one side and W. H. Clifton on the other, Norris claiming to have been duly elected common school commissioner by the justices composing the court of claims of Greenup county, while Clifton maintains that he is the person entitled to the office, and that the election of Norris was a nullity.

It was the duty of the Greenup County Court, composed of the county judge and justices, to elect a commissioner of common schools for the county at its November term, 1880. The court met on the first Monday in November, 1880, and from several candidates for the position elected W. H. Clifton, the appellee. On the day he was elected he offered to execute bond with surety as required by law, but for some reason the time was postponed by the county judge and another day designated. The order showing the election of Clifton was signed and approved by the county judge and the court adjourned until the following Thursday. When the court met on Thursday the action of the court electing Clifton was reconsidered without notice to him and Norris elected, and then followed this litigation. Clifton offered to qualify, and being refused applied for a mandamus to compel the county judge to accept his bond.

It is insisted that the writ of mandamus is not the appropriate remedy, and this is the principal question in the case. The justices in conjunction with the county judge having elected the appellee, it was made the duty of the county judge to accept his bond and permit him to qualify. The court of claims meeting on the day and at the time required by law proceeded to elect a school commissioner, and the appellee receiving a majority of the votes was declared elected. The election was entered of record and the orders signed by the county judge, so that there was nothing more required to be done than the qualification of the person elected by taking the oath and executing a bond as provided by the statute. Gen. Stat. 1881, ch. 18, art. 5, § 4. This duty the county judge refused to discharge because at a subsequent period the justices had rescinded their vote and elected Norris. The election had been held and the votes cast, and the court had no right to reconsider its action. This was not a judicial proceeding but a selection or election at the time and place provided by law of a school commissioner by the county judge and justices, and when the election was held and the vote taken it was too late at a subsequent term of the court or at the same term to reconsider the vote.

In the case of *Johnson v. De Hart,* 9 Bush (Ky.) 640, it was held by this court that it was not an abuse of discretion in the electorial body to permit one of its members to change his vote, when it appeared that he had cast his vote for one not a candidate. This occurred at the time the election was had and before any adjournment

of court. So in this case, if at the time the vote was announced it had appeared that the vote of one of the justices had been improperly counted, or he had voted under a misapprehension as to who the candidates were, it might under such circumstances be proper to have another ballot, and this should not be done unless it is clear that the vote was under a misapprehension of facts, or counted for the party against whom it was cast. To permit the members of the tribunal empowered to elect the commissioner to change their minds after the election is over and the court adjourned, by reason of rumors affecting the character of the person elected, or for other reasons, would open the door to improper and often corrupt influences for the purpose of having the successful party defeated, and besides would leave all such elections in uncertainty until the party chosen had entered upon the discharge of his duties.

There was no reason for the refusal of the county judge to permit appellee to qualify on the day he was elected, and if he was unfit for the position by reason of his moral character or unable to discharge the duties of his office, the statute points out the manner in which he is to be removed; but the accused should first have notice of the charges and the purpose to remove him that he can make his defense. Mandamus was the proper remedy in this case. The act to be performed by the county judge is ministerial only. He declined to permit the appellee to qualify after being elected. It is conceded that the application to qualify was made both on the day the appellee was elected and afterward, and the only ground for refusing the application was the fact that the justices had reconsidered the vote. In the cases of *Applegate v. Applegate,* 4 Metc. (Ky.) 236, and *Cate v. Ross,* 2 Duv. (Ky.) 243, this court held that mandamus was the proper remedy against a county judge for refusing to permit the sheriff or his deputy to qualify, and we perceive no difference in those cases and the one before us. Civil Code 1876, § 477, expressly confers a jurisdiction long before entertained by courts of original jurisdiction to compel the performance of a ministerial duty, enjoined by law.

The court below properly awarded a peremptory mandamus and the judgment is *affirmed.*

*B. F. Bennett, L. T. Moore,* for appellants.

*E. F. Dulin, Geo. M. Thomas,* for appellee.